# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

BOSTON DIVISION                                     CIVIL DOCKET NO.

_____
                                                )
JAMIE CONNELL, AS ADMINISTRATRIX                )
OF THE ESTATE OF KAREN CHAMPAGNE,               )
                                                )
               Plaintiff,                    )
                                                )
v.                                              )
                                                )
BRK BRANDS, INC., a Delaware corporation        )
with its principal place of business in Aurora, )
Illinois,                                       )
                                                )
               Defendant.                    )
_____)

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.      The Plaintiff, Jamie Connell, was appointed Administratrix of the Estate of Karen Champagne, Hampden County Probate Court Docket No. 08P0192 on January 24, 2008, and resides at 17 Campechi Street, Springfield, Commonwealth of Massachusetts.  She brings this claim in her capacity as Administratrix.  She is the daughter of the decedent.

2.      The Defendant, BRK Brands, Inc., (hereinafter referred to as "BRK"), is a Delaware corporation with its principal place of business in Boca Raton, Florida, and includes it predecessors and successors.  BRK is a designer, manufacturer, advertiser, assembler, distributor, marketer and seller with regard to smoke detectors.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1332 as the amount in controversy exceeds $75,000.00 and there is diversity of citizenship between the Plaintiff and the Defendant.  The Plaintiff is a resident of the Commonwealth of Massachusetts and the Defendant is a Delaware corporation with its principal place of business in Illinois.

4.      This action is brought in the Commonwealth of Massachusetts, which is the judicial district wherein the acts and/or omissions giving rise to this cause of action occurred making venue proper under 28 U.S.C. Section 1391(a)(2).

## FACTS

5.      On December 18, 2007, Karen Champagne, (hereinafter referred to as "Ms. Champagne"), the decedent, died as the result of a residential mobile home fire at 25 Festival Circle, Chicopee, Massachusetts.  She was the owner of the mobile home.

6.      The smoke detectors present in Ms. Champagne's mobile home were ionization type detectors manufactured by BRK Brands, Inc., Model No. 86RAC (hereinafter the "BRK Ionization Detectors").

7.      The BRK Ionization Detectors were installed at two locations in the mobile home of Ms. Champagne.

8.      The BRK Ionization Detectors were hard wired to electrical power in the mobile home.

9.      Electrical power was running to the BRK Ionization Detectors at the time of the fire.

10.     Upon information and belief, the fire started while Ms. Champagne was asleep when a lit cigarette came in contact with her bedding material, began to smolder, and eventually ignited into a flaming fire.

11.     After the fire had smoldered for some time, Ms. Champagne awakened to her mobile home engulfed in thick black smoke.

12.     The BRK Ionization Detectors designed, developed, manufactured, assembled, distributed, marketed, sold by defendant BRK failed to sound an alarm in a timely fashion to warn of the fire and smoke associated therewith.

13.     Ms. Champagne attempted to flee but only made it to the rear door of the mobile home where she succumbed to smoke inhalation, was rendered unconscious and where she was found by the firefighters responding to a report of a fire.

14.     After emergency medical care was rendered in an attempt to revive her, Ms. Champagne was transported by ambulance to the Bay State Medical Center in Springfield, Massachusetts where, despite treatment in a hyperbaric chamber, she succumbed to her injuries on December 19th at 10:02 p.m.

15.     The cause of Ms. Champagne's death was smoke inhalation/carbon monoxide poisoning.

16.     The BRK Ionization Detectors were designed, developed, manufactured, assembled, installed, distributed, marketed, sold and/or offered for sale by defendant BRK and

were in substantially same condition as when manufactured, designed, advertised, marketed and distributed to the mobile home manufacturer.

17.    The BRK Ionization Detectors were supplied with only an ionization detection mechanism or device which BRK knew at the time of their manufacture, advertising, marketing and distribution for use by members of the general public, including Ms. Champagne, would not detect certain types of fires such as the fire which is the subject matter of this lawsuit.

18.    The BRK Ionization Detectors were designed, developed, manufactured, advertised, marketed, and distributed for use by members of the general public, including Ms. Champagne, by BRK which knew or should have known that said ionization smoke detectors were defective and unreasonably dangerous for use by members of the general public, including Ms. Champagne, in that ionization type smoke detectors would not detect and sound an alarm in a timely fashion with respect to fires of the nature and type such as the fire that occurred in the mobile home where Ms. Champagne was sleeping and which is the basis of this lawsuit.

19.    The BRK Ionization Detectors were designed, developed, manufactured, assembled, installed, distributed, marketed, sold and/or offered for sale by defendant BRK without a combination or duel ionization and photoelectric detection mechanism or device which BRK knew, or should have known, should have been included in the design and manufacture of residential smoke detectors for the purpose and necessity of detecting fires of the type and nature that is the subject matter of this lawsuit.

20.    BRK's failure to design, develop, manufacture, market and distribute smoke detectors with a duel or combination ionization and photoelectric detection mechanism or device so as to insure that the smoke detectors would detect all types of residential fires and sound an alarm for the intended purpose of alerting the plaintiff's decedent to the fire, prevented Ms. Champagne from having sufficient time to egress from the fire.

21.    The proximate cause of Ms. Champagne's inability to escape the fire and, therefore, her death, was the failure of the BRK Ionization Detectors manufactured by BRK to sound an alarm in a timely fashion.

22.    More specifically, the BRK Ionization Detectors were defective in that they failed to sound in a timely fashion in a smoldering fire to permit the occupant of the home, in this case Ms. Champagne, available egress time to escape the fire.

23.    BRK is liable for the death of Ms. Champagne due to their negligence in designing, developing, manufacturing, assembling, distributing, marketing and selling defective ionization smoke detectors such as the ones installed in Ms. Champagne's mobile home.

24.    Moreover, BRK is also liable for knowingly failing to warn consumers of the inadequacies of the ionization smoke detector that they manufactured and sold in

smoldering fires, particularly given their knowledge of various testing results verifying the failure of ionization smoke detectors to sound in smoldering fires.

## COUNT I
### Negligence

25.     Plaintiff repeats and reavers all of the allegations contained in paragraphs one through twenty-four of this Complaint as if rewritten and realleged herein.

26.     BRK owed a duty of reasonable care to consumers, including Ms. Champagne, with regard to the design, manufacture, assembly, testing, labeling, distribution, marketing, advertising and selling of the BRK Ionization Detectors.

27.     BRK participated in and/or controlled the design, manufacture, assembly, testing, labeling, distribution, marketing, advertising and selling of the BRK Ionization Detectors, creating a deadly risk to the consumers, including Ms. Champagne, it was intended to protect.

28.     BRK also failed to warn or adequately advise consumers, including Ms. Champagne, of the deficiencies of the BRK Ionization Detectors, in that they fail to respond and/or sound in a timely manner in smoldering fires.

29.     BRK breached its duty of care through their acts and omissions.

30.     BRK knew or with reasonable diligence should have known of the deficiencies associated with ionization type smoke detectors, yet they continued to market and sell such ionization type smoke detectors despite their deficiencies in detecting and providing alarm for smoldering fires.

31.     As the direct and proximate result of the negligence of the Defendant, BRK, the Plaintiff's decedent was seriously injured, suffered great pain and conscious suffering and death.

        WHEREFORE, the Plaintiff, Jamie Connell, Individually, demands judgment against the Defendant, BRK Brands, Inc., in an amount sufficient and proper to compensate her mother's estate for all of its losses, plus interest, attorneys fees, the cost of this action and punitive damages.

## COUNT II
### Wrongful Death Pursuant to M.G.L. Chapter 229, Section 2

32.     The Plaintiff repeats and reavers all of the allegations contained in paragraphs one through thirty-one of this Complaint as if rewritten and realleged herein.

33.     As the direct and proximate result of the willful, wanton, and reckless acts and/or gross negligence of the defendant, BRK, the Plaintiff's decedent suffered death in violation

of Massachusetts General Laws chapter 229 section 2.

WHEREFORE, the Plaintiff, Jamie Connell, Individually, demands judgment against the Defendant, BRK Brands, Inc., in an amount sufficient and proper to compensate her mother's estate for all of its losses, plus interest, attorneys fees, the cost of this action and punitive damages.

**COUNT III**
**Breach of Express Warranty**

34.    The Plaintiff repeats and reavers all of the allegations contained in paragraphs one through thirty-three of this Complaint as if rewritten and realleged herein.

35.    BRK was a merchant who sold fire and/or smoke detectors and held themselves out as having knowledge or skill specific to smoke detectors.

36.    BRK expressly warranted that BRK Ionization Detectors were of merchantable quality, fit for the particular purpose it was intended, safe and in proper condition for the ordinary use for which BRK Ionization Detectors were designed and used.

37.    Ms. Champagne relied on the express warranties provided by BRK in accordance with the design, manufacture and sale of the BRK Ionization Detectors.

38.    The BRK Ionization Detector was not of merchantable quality, was unsafe, was defective and was not suitable for the purpose for which it was intended.

39.    As the direct and proximate result of the Defendant BRK's breach of express warranties, the Plaintiff's decedent was seriously injured, suffered great pain and conscious suffering and death.

WHEREFORE, the Plaintiff, Jamie Connell as Administratrix of the Estate of Karen Champagne, demands judgment against the Defendant, BRK Brands, Inc., in an amount sufficient and proper to compensate her mother's estate for all of its losses, plus interest, attorneys fees, the cost of this action and punitive damages.

**COUNT IV**
**Breach of Implied Warranty**

40.    The Plaintiff repeats and reavers all of the allegations contained in paragraphs one through thirty-nine of this Complaint as if rewritten and realleged herein.

41.    BRK was a merchant who sold fire and/or smoke detectors and held themselves out as having knowledge or skill specific to smoke detectors.

42.    BRK impliedly warranted that BRK Ionization Detector was of merchantable quality, fit for the particular purpose it was intended, safe and in proper condition for the

ordinary use for which BRK Ionization Detector was designed and used.

43.     Ms. Champagne relied on the implied warranties provided by BRK in accordance with the design, manufacture and sale of BRK Ionization Detector.

44.     The BRK Ionization Detector was not of merchantable quality, was unsafe, was defective and was not suitable for the purpose for which it was intended.

45.     As the direct and proximate result of the Defendant BRK's breach of implied warranties, the Plaintiff's decedent was seriously injured, suffered great pain and conscious suffering and death.

        WHEREFORE, the Plaintiff, Jamie Connell as Administratrix of the Estate of Karen Champagne, demands judgment against the Defendant, BRK Brands, Inc., in an amount sufficient and proper to compensate her mother's estate for all of its losses, plus interest, attorneys fees, the cost of this action and punitive damages.

## <u>COUNT V</u>
### Breach of Implied Warranty of Merchantability

46.     The Plaintiff repeats and reavers all of the allegations contained in paragraphs one through forty-five of this Complaint as if rewritten and realleged herein.

47.     BRK was a merchant who sold fire and/or smoke detectors and held themselves out as having knowledge or skill specific to smoke detectors.

48.     BRK impliedly warranted that BRK Ionization Detectors were of merchantable quality and safe and in proper condition for the ordinary use for which BRK Ionization Detector was designed and used.

49.     Ms. Champagne relied on the implied warranty of merchantability provided by BRK in accordance with the design, manufacture and sale of BRK Ionization Detectors.

50.     The BRK Ionization Detector was not of merchantable quality, was unsafe and was defective.

51.     As the direct and proximate result of the Defendant BRK's breach of implied warranty of merchantability, the Plaintiff's decedent was seriously injured, suffered great pain and conscious suffering and death.

        WHEREFORE, the Plaintiff, Jamie Connell as Administratrix of the Estate of Karen Champagne, demands judgment against the Defendant, BRK Brands, Inc., in an amount sufficient and proper to compensate her mother's estate for all of its losses, plus interest, attorneys fees, the cost of this action and punitive damages.

## COUNT VI
### Breach of Implied Warranty of Fitness for a Particular Purpose

52.     The Plaintiff repeats and reavers all of the allegations contained in paragraphs one through fifty-one of this Complaint as if rewritten and realleged herein.

53.     BRK was a merchant who sold fire and/or smoke detectors and held themselves out as having knowledge or skill specific to smoke detectors.

54.     BRK impliedly warranted that the detector was fit for the particular purpose it was intended, safe and in proper condition for the ordinary use for which the detector was designed and used.

55.     Ms. Champagne relied on the implied warranty of fitness for a particular purpose provided by BRK in accordance with the design, manufacture and sale of BRK Ionization Detectors.

56.     BRK Ionization Detector was unsafe, defective and was not suitable for the purpose for which it was intended.

57.     As the direct and proximate result of the Defendant BRK's breach of implied warranty of fitness for a particular purpose, the Plaintiff's decedent was seriously injured, suffered great pain and conscious suffering and death.

        WHEREFORE, the Plaintiff, Jamie Connell as Administratrix of the Estate of Karen Champagne, demands judgment against the Defendant, BRK Brands, Inc., in an amount sufficient and proper to compensate her mother's estate for all of its losses, plus interest, attorneys fees, the cost of this action and punitive damages.

## COUNT VII
### Strict Liability

58.     The Plaintiff repeats and reavers all of the allegations contained in paragraphs one through fifty-seven of this Complaint as if rewritten and realleged herein.

59.     BRK Ionization Detectors were defective in they did not sound an alarm in a timely fashion and failed to warn the Plaintiff's decedent of the fire and smoke in which she perished, as a result of which BRK has become strictly liable to Plaintiff.

60.     BRK is strictly liable for failing to warn Plaintiff's decedent that the BRK Ionization Detectors may not timely sound for certain types of fires.

61.     BRK was well aware of the defective nature of their BRK Ionization Detectors.

62.     As a result of BRK's conduct, the Plaintiff's decedent was seriously injured, suffered great pain and conscious suffering and death.

WHEREFORE, the Plaintiff, Jamie Connell as Administratrix of the Estate of Karen Champagne, demands judgment against the Defendant, BRK Brands, Inc., in an amount sufficient and proper to compensate her mother's estate for all of its losses, plus interest, attorneys fees, the cost of this action and punitive damages.

## COUNT VIII
### Misrepresentation

63.     The Plaintiff repeats and reavers all of the allegations contained in paragraphs one through sixty-two of this Complaint as if rewritten and realleged herein.

64.     BRK falsely represented that BRK Ionization Detectors would timely sound an alarm to warn of the presence of smoke and/or fire in residential properties.

65.     BRK knew such representation of fact was untrue or was recklessly made.

66.     BRK intended to induce reliance by those who would foreseeably come into contact with BRK Ionization Detectors.

67.      This representation was a substantial factor in inducing reliance.

68.     As a result of BRK's false representations, Plaintiff's decedent was seriously injured, suffered great pain and conscious suffering and death.

WHEREFORE, the Plaintiff, Jamie Connell as Administratrix of the Estate of Karen Champagne, demands judgment against the Defendant, BRK Brands, Inc., in an amount sufficient and proper to compensate her mother's estate for all of its losses, plus interest, attorneys fees, the cost of this action and punitive damages.

## COUNT IX
### Property Damage

69.     The Plaintiff repeats and reavers all of the allegations contained in paragraphs one through sixty-eight of this Complaint as if rewritten and realleged herein.

70.     As a result of BRK's conduct, including causes of action I-VIII, the Plaintiff's decedent's home sustained serious physical damage and destruction resulting in monetary damages for which her estate should be compensated.

WHEREFORE, the Plaintiff, Jamie Connell as Administratrix of the Estate of Karen Champagne, demands judgment against the Defendant, BRK Brands, Inc., in an amount sufficient and proper to compensate her mother's estate for all of its losses, plus interest, attorneys fees, the cost of this action and punitive damages.

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES PRESENTED.

Respectfully Submitted,

For The Plaintiff,

By Her Attorneys,


/s/ Paul K. Flavin
Paul K. Flavin, BBO#171145
Sarah F. Jubinville, BBO#662238
Colucci, Colucci, Marcus & Flavin, P.C.
424 Adams Street
Milton, MA 02186
(617) 698-6000
pflavin@coluccilaw.com
sjubinville@coluccilaw.com

Dated: December 2, 2010